IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DOROTHY HARDY,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION & PUBLIC FACILITIES,<br><br>    Defendant. | Case No. 3:06-cv-00066-TMB<br><br>ORDER REGARDING<br><u>COUNSEL and SERVICE</u> |

On March 29, 2006, Dorothy Hardy, representing herself, filed an employment discrimination complaint, and on July 14, 2006, Ms. Hardy filed a motion for appointment of counsel.[1] Ms. Hardy is cautioned that, although there is a right to counsel at public expense in criminal cases, that right does not extend to civil cases. The Court may not compel an attorney to assist an indigent litigant without pay.[2] In addition, the Court has no funds to pay attorneys in civil cases.

---

[1] *See* Docket Nos. 1, 7.

[2] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

The Court may, however, <u>request</u> that a private attorney represent an indigent litigant.[3]  The Ninth Circuit Court of Appeals, following the United States Supreme Court, has explained that the exercise of that discretion is guided by several factors: The Court must determine that the plaintiff (1) cannot afford counsel; (2) has made reasonable attempts to find counsel without success; and (3) has at least a possibility of success on the merits.[4]  Finally, the Court must determine whether the case is so factually and legally complex that the plaintiff needs counsel to articulate his or her claims.[5]

In this case, Ms. Hardy has not shown that she cannot afford counsel.  Her financial affidavit, attached to her motion, does not show her gross income.[6]

**IT IS HEREBY ORDERED:**

1. Ms. Hardy's motion for appointment of counsel is DENIED, with leave to amend.  On or before **August 25, 2006**, Ms. Hardy may file an amended motion, with a financial affidavit which fully sets forth her **gross income** and **all property and assets** she owns.

---

[3] *See Mallard*, 490 U.S. at 301-02.

[4] *See Bounds v. Smith*, 430 U.S. 817 (1977); *Ivey v. Board of Regents Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

[5] *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

[6] *See* Docket No. 7, attachment.

2. The Clerk of Court is directed to send Ms. Hardy this Court's form PS-08A, Motion for Appointment of Counsel, and a form CJA 23, Financial Affidavit.

3. Ms. Hardy's motion for an extension of time to serve the defendant is GRANTED. Ms. Hardy must serve the defendant with a summons and complaint, as explained in the Court's order of March 31, 2006, on or before **August 25, 2006**, or this action will be dismissed without further notice.

DATED this 25th day of July, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge