IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DOROTHY HARDY,

      Plaintiff,

vs.

ALASKA DEPARTMENT OF
TRANSPORTATION AND
PUBLIC FACILITIES,

      Defendants.

Case No. 3:06-cv-00066-TMB

ORDER DENYING
APPOINTMENT OF COUNSEL

Dorothy Hardy, representing herself, has filed an employment discrimination complaint under Title VII of the Civil Rights Act, and the Americans with Disabilities Act, and an amended application for counsel.[1] Although there is a right to counsel at public expense in criminal cases, that right does not extend to civil cases. The Court may not compel an attorney to assist an indigent litigant without pay.[2] In

---

[1] *See* Docket Nos. 1, 9.

[2] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

addition, the Court has no funds to pay attorneys in civil cases.  The Court may, however, <u>request</u> that a private attorney represent an indigent litigant.[3]

In this Court, when a self-represented party requests counsel, demonstrates indigence, brings an arguably meritorious action, and the action is complicated, the Court will refer the matter to Alaska Legal Services' volunteer lawyer program.  In this case, however, Ms. Hardy's application shows monthly income of $1,900, which is above the current guidelines used by Alaska Legal Services for a household of one.[4]  Therefore, Ms. Hardy's motion for appointment of counsel must be denied.[5]

In addition, Ms. Hardy made a motion for an extension of time to serve the defendants, stating she has "undergone two surgeries," and that the defendant was "out of state for a period of four to six weeks."[6]  Because Ms. Hardy is suing a state agency, she can effect service without anyone in particular, such as her supervisor(s), being in town at the time.  Ms. Hardy may serve by certified mail, and file the return receipt as proof if service once she receives it.[7]

---

[3]  *See Mallard*, 490 U.S. at 301-02.

[4]  *See* Docket No. 9.

[5]  Ms. Hardy may wish to contact the Alaska Bar Association's Lawyer Referral Service, at 272-0352, for assistance in securing counsel, and an initial 1/2 hour $50.00 consultation.

[6]  Docket No. 8 at 2.

[7]  *See* FED. R. CIV. P. 4(j)(2) ("Service upon a state ...shall be effected by ... serving the summons and complaint in the manner prescribed by the law of that state for service of summons.").  Under

**IT IS HEREBY ORDERED:**

1.    Ms. Hardy's application for appointment of counsel, at docket number 9, is

DENIED.

2.    Ms. Hardy's motion for an extension of time to serve the defendants, at docket

number 8, is GRANTED, and she has until **September 20, 2006**, to serve the

defendant, and immediately file proof of service with the Court.


DATED this 29th day of August, 2006,  at Anchorage, Alaska.

/s/TIMOTHY  M.  BURGESS
United States District Judge

---

Alaska Rule of Civil Procedure 4(d)(8), service shall be made upon an
officer of the agency of the state by "serving the State of Alaska as
provided in the preceding paragraph of this rule, **and** by delivering a copy
of the summons and of the complaint to such officer or agency."  Service
may be made upon the State by "sending a copy of the summons and the
complaint by registered or certified mail to the Attorney General of Alaska,
Juneau, Alaska, **and** (a) to the chief of the attorney general's office in
Anchorage, Alaska, when the matter is filed in the Third Judicial District.."
Alaska Civil Rule 4(8).

3                                COUNSEL